District Judge Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CARLOS ROMALLIS DANIELS,<br><br>            Defendant. | CASE NO.  CR06-5350RBL<br><br>JOINT MOTION TO REDUCE SENTENCE BASED ON 2014 AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES, PURSUANT TO 18 U.S.C. § 3582<br><br>Note for Consideration on:<br>December 4, 2014 |

## I.    INTRODUCTION

The United States of America, by and through Annette L. Hayes, Acting United States Attorney for the Western District of Washington, and Sarah Y. Vogel, Assistant United States Attorney, and Defendant CARLOS ROMALLIS DANIELS, through Defendant's counsel, Richard Troberman, submit this joint motion pursuant to 18 U.S.C. § 3582 to reduce Defendant's sentence as a result of the retroactive application of 2014 amendments to the United States Sentencing Guidelines drug-quantity provisions.

The Sentencing Commission has provided a list of defendants sentenced in this District for drug-related offenses who are still serving their sentence in federal prisons.  The

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014 AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES, PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States has reviewed the file regarding this defendant, and believes he is eligible for a reduction.

Specifically, the United States and Defendant, through counsel, agree that Defendant's sentence should be reduced from the current term of 168 months to a reduced term of imprisonment of 135 months, for the reasons set forth below. The United States and Defendant, through counsel, request that the Court enter an Order imposing this reduced sentence, to take effect not earlier than November 1, 2015.

## II.     DEFENDANT'S SENTENCING REDUCTION

The parties agree on the following facts, which justify the requested reduction in sentence, under the authority of the 2014 amendments, outlined below.

*Most Recent Judgment and Sentence:*
Defendant's Offense(s) of Conviction: Possession with Intent to Distribute Cocaine and Felon in Possession of a Firearm
Date Judgment was Entered: October 19, 2007
Total Offense Level as Determined by the Court: 33
Criminal History Category as Determined by the Court: III
Applicable Sentencing Range as Determined by the Court: 168-210 months
Sentence Imposed: 168 months

*Proposed Judgment After Application of New Amendments:*
New Total Offense Level after Application of 2014 Amendments: 31
New Sentencing Range:  135-168 months
Jointly Recommended New Sentence: 135 months

*Additional Comments*:  None.

## III.    THE COURT'S AUTHORITY TO AMEND SENTENCES PURSUANT TO THE  2014 SENTENCING GUIDELINES AMENDMENTS

**A.     Authority to Reduce a Sentence.**

In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014 AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES, PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

by reducing most offense levels on the 2D1.1 Drug Quantity Table by two levels, and making related adjustments.

In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. The version of Section 1B1.10 applicable to sentencing reductions under Amendment 782 is effective on November 1, 2014. Application note 8 (2014) provides: "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Section 1B1.10 provides: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

**B.    Procedure for Sentencing Reduction.**

A defendant is eligible for a sentencing reduction if Amendment 782 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the new guidelines

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014 AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES, PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range resulting from the application of Amendment 782 (other than due to substantial assistance). Even if the defendant is eligible, a district court has discretion to deny a reduction. Further, a proceeding under Section 3582(c)(2) is not a full resentencing proceeding, *see* USSG § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the guideline amendment.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A).
>
> * * *
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014
AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES,
PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.     Timing: Not Eligible for Release Before November 1, 2015.**

Section 1B1.10(e)(1), as added by Amendment 788 effective November 1, 2014, provides: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." New application note 6 adds:

> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).

Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

## IV.     CONCLUSION AND PRAYER FOR RELIEF

For the reasons outlined above, the United States and Defendant, through counsel, jointly request the Court to enter an "Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" imposing the above-described reduced sentence, explicitly providing that such Order shall not be effective until November 1, 2015, or later. United States Probation has prepared a proposed Order, which is submitted with this joint motion.

//
//
//

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014
AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES,
PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. CONCURRENCE OF DEFENSE COUNSEL

The undersigned AUSA certifies that she has conveyed this joint motion to assigned counsel for Defendant, Richard Troberman, and that counsel agreed via email or via telephone call that he/she concurs in the motion and authorizes it to be filed as a joint motion.

Dated: December 3, 2014.

Respectfully submitted,

ANNETTE L. HAYES
Acting United States Attorney

/s/ Sarah Y. Vogel
SARAH Y. VOGEL
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: Sarah.Vogel@usdoj.gov

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014
AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES,
PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Karen Wolgamuth*
KAREN WOLGAMUTH
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5050
FAX:   (206) 553-4440
E-mail: karen.wolgamuth@usdoj.gov

JOINT MOTION TO REDUCE SENTENCE BASED ON 2014
AMENDMENTS TO DRUG-QUANTITY SENTENCING GUIDELINES,
PURSUANT TO 18 U.S.C. § 3582
CR06-5350RBL- 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970